**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**NOREEN JOHNSON**                                        **CIVIL ACTION**


**VERSUS**                                                          **NO: 14–2320**


**GEOVERA SPECIALTY**
**INSURANCE COMPANY**                          **SECTION: "H" (2)**


## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 7).  For the following reasons, the Motion is GRANTED IN PART.  The Court ORDERS Plaintiff to comply with the cooperation provisions of her insurance policy, and this matter is STAYED AND ADMINISTRATIVELY CLOSED until such time as Plaintiff complies with her contractual obligations.


## BACKGROUND

Plaintiff filed the instant suit in Louisiana state court seeking the recovery of insurance benefits allegedly owed to her by Defendant GeoVera as a result of

1

damages caused by both Hurricane Isaac and a fire that occurred in January of 2014.  Defendant removed the case to this Court and filed the instant Motion. Defendant claims that Plaintiff has refused to comply with the provision of her insurance policy that requires her to cooperate with Defendant in the event of a loss.  Defendant seeks three alternative remedies as a result of Plaintiff's breach: (1) dismissal of her claim with prejudice, (2) dismissal of her claim without prejudice until she complies with the policy's terms, or (3) a stay of the case until Plaintiff complies with the policy's terms.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  "A pleading that offers 'labels

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

2

and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[8]  A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56.[9]  When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, the court must give the parties ample opportunity to present argument and evidence relevant to the motion.[10]

Because the parties have attached matters outside the pleadings, the Court must consider whether to exclude the matters or to consider the Motion as one for summary judgment.  In this case, the Court elects to consider the Motion as one for summary judgment.  Both parties attached matters outside the pleadings, and the Court finds those matters relevant to its consideration of the Motion.  Additionally, because both parties attached matters outside the pleadings, the parties have been afforded sufficient notice that the Court might

---

[6]*Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[9] Fed. R. Civ. P. 12(d).

[10] *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir.1986).

convert the Motion.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[13] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[14] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[15] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[11] Fed. R. Civ. P. 56(c) (2012).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[14] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[16]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[17]   Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[18]

## LAW AND ANALYSIS

In the Motion, Defendant seeks dismissal of the case, with prejudice, because Plaintiff has failed to cooperate in the claims process.  Alternatively, Defendant seeks a dismissal without prejudice or a stay until Plaintiff complies with the cooperation provisions of the policy.  Defendant's policy states, in pertinent part:

> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
>> . . .
>> 5. Cooperate with us in the investigation of a claim;
>> 6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify

---

[16] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[17] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[18] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

> the figures in the inventory;
> 7. As often as we reasonably require:
> > a. Show the damaged property;
> > b. Provide us with records and documents we request and permit us to make copies; and
> > c. Submit to examination under oath, while not in the presence of another "insured", and sign the same;
> 8. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
> > a. The time and cause of loss;
> > . . .
> > f. The inventory of damaged personal property described in 6 above;
> > g. Receipts for additional living expenses incurred and records that support the fair rental value loss

Defendant argues that Plaintiff has failed to fulfill her contractual obligation to cooperate with its investigation. The uncontroverted evidence submitted by both parties supports this conclusion.

After Plaintiff's home was damaged in a fire, she contacted Defendant to file a claim. From the beginning of the claims process, Plaintiff expressed that she wanted Defendant to communicate with her exclusively in writing. Defendant made an effort to honor that request, but experienced some difficulty because Plaintiff did not provide it with a correct email address.

The first dispute between the parties arose over additional living expenses ("ALE") coverage. Plaintiff sought benefits pursuant to ALE coverage because

6

she claimed that her home was not livable as a result of the fire damage. Plaintiff elected to use a third-party firm with which Defendant was unfamiliar to procure alternative housing. When Defendant received a redacted version of the contract for the rental home, it expressed concern that the contract provided for a rent in excess of what was reasonable. Additionally, Defendant experienced difficulty contacting the company to obtain an explanation of the charges. Nonetheless, Defendant elected to advance Plaintiff the cost of the six-month home rental, $27,600. The advance was contingent on Plaintiff providing subsequent proof of payment for the ALE. Defendant later discovered that Plaintiff was evicted from the rental property after one month for non-payment of rent. For her part, Plaintiff claims that she left the home because of numerous health and building code violations and suggests that Defendant was in bad faith for failing to provide her with additional ALE coverage. Defendant has declined to extend any additional coverage, in part because Plaintiff has not provided any documentation supporting her use of the initial ALE advance.

The parties also developed a disagreement as to the extent of damage to the contents of Plaintiff's home. Plaintiff provided Defendant with a list of contents allegedly damaged in the fire, seeking a payment of $78,847. Defendant expressed some confusion as to some of the items and requested that Plaintiff contact a third party in order to clarify some of her claims. Defendant also requested photos of the damaged contents. Plaintiff did not respond to these requests and disposed of all of her damaged contents before her home could be inspected. Nonetheless, Defendant was able to substantiate $34,813.22

of Plaintiff's contents claim and applied that against the nearly $74,000 total amount that it has advanced to her.

As for the damages to the home itself, Plaintiff had the home gutted before Defendant's inspector could examine the property.  Additionally, Defendant discovered that Plaintiff had been cited for having unrepaired major termite damage to her home.  Termite damage is not covered by the policy.  Plaintiff initially invoked the appraisal process with regard to her structure claim but later withdrew the request.[19]  Defendant then invoked the appraisal process but ultimately cancelled it because Plaintiff failed to attend an examination under oath.

The policy provides that Defendant may request that an insured attend an examination under oath in order to substantiate the insured's claim.  Because Plaintiff was not communicating with Defendant, it invoked that right. Defendant attempted to schedule the examination under oath on four occasions and actually scheduled it three times.  Plaintiff failed to show up for any of the scheduled examinations.   After Plaintiff filed suit, her counsel informed Defendant that Plaintiff would not submit to an examination under oath but that she would sit for a deposition.

Finally, because Plaintiff unilaterally decided to gut her entire home

---

[19] At oral argument, counsel for Plaintiff insisted that Plaintiff never withdrew her appraisal demand. Plaintiff claims that Defendant unilaterally canceled the appraisal process after Plaintiff invoked it.  However, Plaintiff herself submitted a copy of a letter she sent to Defendant on May 7, 2014.  The letter provides "I have decided to withdraw from appraisal and will litigate instead. . . .  Please notify your appraiser to suspend any further appraisal work." Doc. 12-4, p. 4.

before the claims process could be completed, Defendant requested that Plaintiff provide any photos she may have of the property damage.  Plaintiff insists that she has a large number of photos, but has failed to produce them to Defendant despite several requests.

It is clear that Plaintiff has refused to comply with the cooperation provision of the policy.  To be sure, she insisted in several letters to Defendant that she was eager to fully comply with the claims process, and she now cites those letters in opposition to the instant Motion.  Plaintiff's actions, however, tell a very different story.  She has failed to provide Defendant evidence in support of her claim despite numerous requests, flatly refused to sit for an examination under oath, and significantly altered her property before the claims process could be concluded.

Defendant argues that compliance with the cooperation provision is a condition precedent to coverage and that the failure to comply with the provision precludes Plaintiff's claim.  This argument is based primarily on the Louisiana Second Circuit's decision in *Lee v. United Fire & Casualty Company*.[20]  In *Lee*, the Second Circuit held that a similar cooperation provision was a condition precedent to recovery and that an insured's material breach of the provision precluded coverage.  The court specifically noted that "[A]n outright refusal to submit to an examination is the easy case."[21]   While the Louisiana Supreme Court has neither accepted nor rejected the rationale in *Lee*, the federal Fifth

---

[20] 607 So. 2d 685 (La. Ct. App. 2d Cir. 1997).

[21] *Id*. at 688.

Circuit has held that it correctly reflects Louisiana law.[22]  Additionally, the policy at issue in this case provides that Defendant must be prejudiced by the insured's failure to cooperate in order to deny coverage based on a failure to cooperate.  Thus, if Defendant can show that Plaintiff breached the cooperation provision, and that it was prejudiced as a result, then the policy will not cover Plaintiff's losses.

The Court easily concludes that Plaintiff has breached the cooperation provision of the policy.  At this stage of the proceeding, however, it is not clear whether Defendant has been prejudiced by the breach.  Therefore, the Motion for Summary Judgment is denied without prejudice to Defendant's right to reurge the issue following appropriate discovery.  Nonetheless, the Court will grant Defendant the alternative relief it requested—a stay of this case pending compliance with the cooperation provision.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED IN PART.  This matter is STAYED AND ADMINISTRATIVELY CLOSED pending Plaintiff's compliance with the cooperation provision of the policy.  Plaintiff is ORDERED to submit to an examination under oath within 45 days of this order, to provide the information previously requested by Defendant, and to cooperate with the appraisal process invoked by Defendant.  During the stay, the Court will retain

---

[22] *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65 (5th Cir. 2009); *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162 (5th Cir. 2012); *Kerr v. State Farm Fire & Cas. Co.*, 511 F. App'x 306 (5th Cir. 2013).

jurisdiction to enforce this order.[23]  To that end, a status conference is set in this matter on March 26, 2015 at 3:30 p.m.  The parties are ordered to submit a status report to chambers no later than March 20, 2015.

New Orleans, Louisiana, this 28th day of January, 2015.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[23] "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).  "Even discretionary stays, however, will be reversed when they are immoderate or of an indefinite duration." *Id.*  Accordingly, the Court retains jurisdiction to ensure that the parties comply with the provisions of this Order, thus avoiding an indefinite stay.