UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**NOREEN JOHNSON**                                                **CIVIL ACTION**

**VERSUS**                                                        **NO: 14–2320**

**GEOVERA SPECIALTY
INSURANCE COMPANY**                                               **SECTION: "H" (2)**

## ORDER AND REASONS

  Before the Court is Defendant's Motion for Summary Judgment (Doc. 29) and Plaintiff's Motion for Jury Trial (Doc. 51). For the following reasons, the Motion for Summary Judgment is GRANTED, the Motion for Jury Trial is DENIED AS MOOT, and this matter is DISMISSED WITH PREJUDICE.

## BACKGROUND

  Plaintiff Noreen Johnson filed the instant suit in Louisiana state court seeking the recovery of insurance benefits allegedly owed to her by Defendant GeoVera Specialty Insurance Company as a result of damages caused by both

Hurricane Isaac and a fire that occurred in January of 2014. Defendant removed the case to this Court and filed a Motion to Dismiss, arguing that Plaintiff had breached the cooperation provisions of the insurance policy. The Court granted the Motion to Dismiss in part, finding that Plaintiff had failed to comply with certain policy provisions. The Court stayed the case and ordered Plaintiff to comply with the cooperation provisions. After Plaintiff made some attempts at cooperation, the Court reopened this matter and Defendant filed the instant motion. Defendant argues that it has been irreparably prejudiced by Plaintiff's breach of the cooperation provisions and that, as a result, the policy does not provide coverage for her claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

2

of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant seeks dismissal of this matter, with prejudice, because Plaintiff has failed to cooperate in the claims process. Defendant's policy states, in pertinent part:

---

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
> . . .
>> 5. Cooperate with us in the investigation of a claim;
>> 6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
>> 7. As often as we reasonably require:
>>> a. Show the damaged property;
>>> b. Provide us with records and documents we request and permit us to make copies; and
>>> c. Submit to examination under oath, while not in the presence of another "insured", and sign the same;
>> 8. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>>> a. The time and cause of loss;
>>> . . .
>>> f. The inventory of damaged personal property described in 6 above;
>>> g. Receipts for additional living expenses incurred and records that support the fair rental value loss[9]

Defendant argues that Plaintiff has failed to fulfill her contractual obligation to cooperate with its investigation and that it has been prejudiced as a result. The uncontroverted evidence submitted by both parties supports such a conclusion.

---

[9] Doc. 7-5, p.16.

4

As the Court explained in its order on the Motion to Dismiss, there can be no question that Plaintiff failed to comply with the cooperation provisions of the policy. Plaintiff refused to sit for an examination under oath until she was ordered to do so by this Court, she has failed to provide Defendant with photos of the damages to her home, and she has deprived Defendant of its right to an appraisal under the policy. Because the Court concludes that Plaintiff's actions resulted in prejudice to Defendant, summary judgment is appropriate.

The Court notes that though Plaintiff has complied with the Court's earlier order that she submit to an examination under oath, this action is insufficient to overcome the prejudice resulting from her failure to comply with the her investigation and appraisal obligations under the policy. After Plaintiff's home was damaged in a fire, she contacted Defendant to file a claim. Over the course of the claims process, Plaintiff's communications with Defendant became increasingly acrimonious. Eventually, on April 3, 2014, Plaintiff invoked the appraisal clause of the policy, which provides:[10]

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any

---

[10] Doc. 29-9, p.16.

two will set the amount of loss.[11]

In her letter demanding an appraisal, Plaintiff designated her appraiser. On April 23, 2014, Defendant designated its appraiser.[12] The two appraisers met at Plaintiff's home on April 25, 2014. At that time, Defendant's appraiser noted that a construction crew was actively working on Plaintiff's home, the interior of the home had been almost completely demolished, and significant repair work had already been completed.[13] Defendant has submitted an affidavit explaining that it was concerned about Plaintiff's decision to demolish the interior of the home before the appraiser could inspect it.[14] Nonetheless, because Plaintiff assured Defendant that she had many photographs of the damage, Defendant elected to continue participating in the appraisal process.[15]

On May 7, 2014, Plaintiff formally withdrew her demand for an apprisal.[16] In response, on May 12, 2014, Defendant made its own demand for an appraisal. Several weeks later, in light of Plaintiff's continued refusal to sit for an examination under oath, and her failure to provide Defendant with any photos showing the claimed damage to the property, Defendant concluded that its appraiser would not be able to complete the appraisal and cancelled the appraisal process.[17]

---

[11] Doc. 7-5, p.17.
[12] Doc. 29-9, p.17.
[13] *Id.* at p.21.
[14] *Id.* at p.1.
[15] *Id.* at p.2.
[16] Doc. 39-2, p.4.
[17] Doc. 29-8, p.45.

6

These facts are not *genuinely* disputed.  Plaintiff insists that Defendant unilaterally cancelled the appraisal process over her objections.  This is objectively false.  Evidence submitted by Plaintiff herself demonstrates that she withdrew her appraisal demand of her own accord.  After she withdrew her demand, Defendant demanded its own appraisal. Defendant later realized that, as a result of Plaintiff's actions, an appraisal was impossible.

In the face of these facts, the Court is required to hold that the policy provides no coverage to Plaintiff for the damages claimed in this case. "Cooperation clauses in insurance contracts fulfill the reasonable purpose of enabling the insurer to obtain relevant information concerning the loss while the information is fresh.  Compliance with insurance policy provisions are conditions precedent to recovery under that policy, which must be fulfilled before an insured may proceed with a lawsuit."[18]  If an insured breaches the cooperation provision of a policy to the prejudice of the insurer, dismissal of the insured's suit is the appropriate remedy.[19]

In this case, Plaintiff's failure to comply with the cooperation provision has permanently deprived Defendant of its right to demand an appraisal or conduct an appropriate investigation under the policy.  Because Plaintiff unilaterally decided to demolish the interior of her home, Defendant's appraiser will never have the opportunity to inspect the damage allegedly caused by the fire. Defendant is unable to conduct an investigation into the damage to the property.

---

[18] *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 165 (5th Cir. 2012).

[19] *Lee v. United Fire & Cas. Co.*, 607 So. 2d 685, 688 (La. App. 4 Cir. 1992).

7

Indeed, Defendant will never be able to ascertain whether Plaintiff's home was extensively damaged in a fire, as she claims, or whether she has simply chosen to undertake a renovation. Plaintiff argues that she has pictures and video of the damage that could alleviate Defendant's prejudice. Defendant has, however, been requesting those items for over eighteen months, and the Court ordered Plaintiff to produce those items six months ago. Despite Defendant's multiple requests, the Court's order, and the pendency of this Motion, Plaintiff has made no apparent effort to produce these items. The Court refuses to force Defendants to spend additional time and money waiting on Plaintiff to fulfill obligations that she has steadfastly refused to fulfill for a year and a half. Because the undisputed material facts clearly demonstrate that Plaintiff has breached her duty to comply with the cooperation provisions of the policy, and Defendant has been prejudiced as a result, the Motion for Summary Judgment is granted.[20]

---

[20] Because the Court dismisses this matter with prejudice, Plaintiff's request for a jury trial is moot. Accordingly, her Motion for Jury Trial is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, the Motion for Jury Trial is DENIED AS MOOT, and this matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of August, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**