UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOREEN JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2320** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff (Doc. 84). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Noreen Johnson filed the instant suit in Louisiana state court seeking the recovery of insurance benefits allegedly owed to her by Defendant GeoVera Specialty Insurance Company as a result of damages caused by both Hurricane Isaac and a fire that occurred in January of 2014. Defendant removed the case to this Court and filed a Motion to Dismiss, arguing that Plaintiff had breached the cooperation provisions of the insurance policy. The

1

Court granted the Motion to Dismiss in part, finding that Plaintiff had failed to comply with certain policy provisions, but declined at that time to find that Defendant had been prejudiced by the breach. The Court stayed the case and ordered Plaintiff to comply with the cooperation provisions. After Plaintiff made some attempts at cooperation, the Court reopened this matter and Defendant filed a Motion for Summary Judgment, which the Court granted. The Court found that Defendant was irreparably prejudiced by Plaintiff's breach of the cooperation provisions and that, as a result, the policy did not provide coverage for her claims. Plaintiff now appeals that judgment, arguing that new evidence should change the Court's ruling.

## LEGAL STANDARD

Although styled a Motion for Reconsideration, such a motion is not specifically recognized under the Federal Rules of Civil Procedure. When a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order.[1] The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time period.[2] Here, Defendant filed its Motion within 28 days of entry of the Court's Order and Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or

---

[1] *Lavespere v. Niagara Mach. & Tools Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990).
[2] *See* Fed.R.Civ.P. 59(e).

amend judgment. Plaintiff's Motion seeks to alter or amend the judgment under Rule 59(e).

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[3]  Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[4]  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[5]

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly.[6]" While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[7]

## LAW AND ANALYSIS

Plaintiff alleges that new evidence discovered while the Motion for Summary Judgment was under advisement warrants relief from the Court's August 28, 2015, judgment dismissing the case.  Specifically, Plaintiff points to the 30(b)(6) deposition of Kelly Holmes, the deposition of independent

---

[3] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[4] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

[5] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[6] *Templet*, 367 F.3d at 479 (citations omitted).

[7] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

adjuster Pia Maria Gore, and the report filed by John Crawford, Defendant's engineering expert. The Court will address each of these purportedly new sources of evidence.

At the outset, the Court notes that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[8] To warrant reconsideration, Plaintiff must present evidence that was unavailable at the time this Court ruled on the Motion for Summary Judgment.[9]

First, Plaintiff alleges that the deposition testimony of Kelly Holmes amounts to newly discovered evidence. Ms. Holmes was deposed as GeoVera's corporate representative pursuant to Rule 30(b)(6). In her testimony, Ms. Holmes states that GeoVera would not use the fact that Plaintiff sought the advice of an attorney to help with her claim to later make an argument that she was not cooperating.[10] Plaintiff seems to argue that this admission somehow justifies Plaintiff's lengthy delay in submitting to an examination under oath. The Court rejects this argument. In her deposition testimony, Ms. Holmes simply acknowledges that the company would not use the mere fact that an insured sought an attorney to argue that the insured was not cooperating.[11] Here, the prejudice to Defendant results not from her desire to obtain an attorney, but rather from her lengthy refusal to sit for an

---

[8] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[9] *Id.*
[10] Doc. 84-3 at 45.
[11] Doc. 84-3 at 45.

examination under oath. Even after obtaining an attorney, Plaintiff refused to sit for the examination until ordered to do so by this Court.[12] This testimony does nothing to alter this Court's finding that Defendant was prejudiced by Plaintiff's breach of the cooperation provisions of the policy based on her failure to timely sit for an examination under oath, her failure to provide photographs in her possession, and her unilateral decision to demolish the interior of her home.

Plaintiff next points to the deposition testimony of independent adjuster Pia Gore.[13] Ms. Gore was hired by GeoVera to adjust Ms. Johnson's original claim. She inspected the home twice before the demolition. Plaintiff argues that these inspections indicate that Defendant was aware of the condition of the home before Plaintiff gutted it. Plaintiff fails to note, however, that these inspections were well known to both parties at the time the Court granted summary judgment.[14] Accordingly, this is not new evidence and the Court will not consider any arguments based on these facts. This evidence was available to Plaintiff at the time judgment was rendered.

Finally, Plaintiff points to the expert report prepared by John Crawford as new evidence warranting reconsideration of the judgment. Defendant retained Mr. Crawford to prepare a report outlining damage to the property. Mr. Crawford relied on evidence available at the time, namely deposition

---

[12] Doc. 18.
[13] Doc. 84-4.
[14] Doc. 29-9.

5

testimony, an interview, and photographs of the property[15] in preparing his report. Plaintiff argues that the fact that Mr. Crawford was able to prepare a report indicates that GeoVera has not suffered prejudice. She further argues that the fact that the expert estimated the fire loss structural allocation at a higher amount than Defendant previously paid out on the claim is indicative of bad faith. This report does not, however, cure Defendant's prejudice caused by Plaintiffs persistent obstruction of the appraisal process by demolishing the interior of the home, failing to sit for an examination, and failing to timely provide photographs in her possession.

      To be sure, this is a tragic case. The insured did apparently incur substantial damage to her home as a result of Hurricane Isaac and a subsequent fire. These events, however, do not excuse Plaintiff from her obligations under the insurance policy. However sad this result, this Court cannot ignore Plaintiff's failure to comply with her obligations under the policy and the resulting prejudice to the Defendant.

      In conclusion, none of the proffered evidence is material to the Court's decision awarding summary judgment to Defendant. Accordingly, that judgment must stand.

---

[15] The Court notes that the photographs in question were produced to Defendant in July 2015 during the pendency of the Motion for Summary Judgment. This production came eighteen months after the Defendant first requested these photographs and six months after this Court ordered their production. Plaintiff made no effort to notify the Court of their production. Furthermore, this lengthy delay in production further evidences Plaintiff's noncompliance with the cooperation provisions of the policy, and this belated production is insufficient to cure the prejudice already suffered by Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 84) is DENIED.

New Orleans, Louisiana this 13th day of January, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**